Opinion filed April 12,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-11-00261-CV 

                                                    __________

 

                            IN
THE INTEREST OF O.W., A CHILD



 

                                   On
Appeal from the 326th District Court

 

                                                            Taylor
County, Texas

 

                                                   Trial
Court Cause No. 6968-CX

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            The
trial court entered an order terminating the parental rights of O.W.’s mother
and father.  The father (appellant) has filed a notice of appeal from the termination
order.  The mother has not filed an appeal.  We affirm.  

Issues

            Appellant
presents two points of error on appeal.  He argues in his first point that the
evidence is legally and factually insufficient to support the trial court’s
finding that he failed to comply with a court order setting out the provisions
necessary for the return of O.W. to appellant.  One of appellant’s contentions
in his first point is that the record on appeal contains no such trial court
order.  We note that a supplemental clerk’s record containing three applicable
orders was filed after appellant’s brief was filed.  In the second point,
appellant asserts that the evidence is legally and factually insufficient to
support the finding that termination is in the best interest of O.W.  

Legal
and Factual Sufficiency

            Termination
of parental rights must be supported by clear and convincing evidence.  Tex. Fam. Code Ann. § 161.001 (West Supp.
2011).  To determine on appeal if the evidence is legally sufficient in a
parental termination case, we review all of the evidence in the light most
favorable to the finding and determine whether a rational trier of fact could
have formed a firm belief or conviction that its finding was true.  In re
J.P.B., 180 S.W.3d 570, 573 (Tex. 2005).  To determine if the evidence is
factually sufficient, we give due deference to the finding and determine
whether, on the entire record, a factfinder could reasonably form a firm belief
or conviction about the truth of the allegations against the parent.  In re
C.H., 89 S.W.3d 17, 25–26 (Tex. 2002).  

            To
terminate parental rights, it must be shown by clear and convincing evidence
that the parent has committed one of the acts listed in Section 161.001(1)(A)–(T)
and that termination is in the best interest of the child.  Section 161.001. 
In this case, the trial court found that appellant committed one of the acts
listed in Section 161.001(1).  The trial court found that appellant had failed
to comply with the provisions of a court order that specifically established
the actions necessary for him to obtain the return of O.W., who had been in the
permanent or temporary managing conservatorship of the Department of Family and
Protective Services for not less than nine months after being removed from her
parents for abuse or neglect. See Section 161.001(1)(O).  The trial
court also found that termination was in O.W.’s best interest.  See
Section 161.001(2).  

            The record
shows that the Department took possession of O.W. in April 2010, almost
fourteen months prior to the final hearing in this case.  Appellant was
incarcerated at that time.  O.W. was removed after she was found in a car with
her mother, who was passed out.  The car was in a parking lot, but the engine was
running.  There were syringes in the car.  After removal, the Department
prepared a service plan for appellant, and the service plan was incorporated
into the trial court’s status hearing order.  Evidence presented at the final
hearing in this case showed that appellant failed to comply with the service
plan.  A Department employee familiar with this case testified that appellant
was incarcerated much of the time period relevant to this case but that, when
he was not incarcerated, he took no initiative to comply with the provisions of
the service plan.  Appellant also violated the terms of his parole by using
drugs and was re-incarcerated about a month after being released.  As a basic
requirement of the service plan, appellant was to remain drug free and abstain
from any criminal activity.

The
trial court could reasonably have formed a firm belief or conviction that
appellant failed to comply with the provisions of a court order that
specifically established the actions necessary for him to obtain the return of
O.W., that O.W. had been in the permanent or temporary managing conservatorship
of the Department for not less than nine months, and that the Department had
removed O.W. from her parents for abuse or neglect.  We cannot hold that the
trial court’s finding under Section 161.001(1)(O) is not supported by clear and
convincing evidence; the evidence is both legally and factually sufficient to
support the finding.  Appellant’s first point of error is overruled.  

The
next question we must address is whether the best interest finding is supported
by legally and factually sufficient evidence.  With respect to the best
interest of a child, no unique set of factors need be proved.  In re C.J.O.,
325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied).  But courts may use
the non-exhaustive Holley factors to shape their analysis.  Holley v.
Adams, 544 S.W.2d 367, 371–72 (Tex. 1976).  These include, but are not
limited to, (1) the desires of the child, (2) the emotional and physical
needs of the child now and in the future, (3) the emotional and physical danger
to the child now and in the future, (4) the parental abilities of the
individuals seeking custody, (5) the programs available to assist these
individuals to promote the best interest of the child, (6) the plans for the
child by these individuals or by the agency seeking custody, (7) the stability
of the home or proposed placement, (8) the acts or omissions of the parent that
may indicate that the existing parent-child relationship is not a proper one, and
(9) any excuse for the acts or omissions of the parent.  Id.  Additionally,
evidence that proves one or more statutory grounds for termination may also
constitute evidence illustrating that termination is in the child’s best
interest.  C.J.O., 325 S.W.3d at 266.  

The
record shows that O.W. was six years old at the time of the final hearing.  O.W.
had been placed with her great-grandmother shortly after removal and remained
there at the time of trial.  O.W. was “doing very well there,” and all of her
needs were being met.

There
was evidence that O.W. had no bond with appellant and that she did not want to
have any visitation with him.  Appellant admitted that he had had very little
contact with O.W. since she was born and that he had no relationship with her.  Appellant
also agreed that his life had been “a mess” and that he could not provide a
safe, stable environment for O.W. anytime in the near future.  Appellant also
admitted that he chose to use drugs again even after this case began.  However,
he did not want his parental rights terminated because he wanted to have an
opportunity to be a father to O.W. in the future after he got his life
straightened out.

Based
on the evidence presented at trial, the trial court could reasonably have
formed a firm belief or conviction that termination of appellant’s parental
rights would be in O.W.’s best interest.  We cannot hold that this finding is
not supported by clear and convincing evidence.  Thus, the evidence is both
legally and factually sufficient to support the finding that termination of appellant’s
parental rights is in the best interest of O.W.  Appellant’s second point of
error is overruled.  

            We
affirm the trial court’s order terminating the parental rights of O.W.’s father.
 

 

 

                                                                                                JIM
R. WRIGHT

                                                                                                CHIEF
JUSTICE

 

April 12, 2012

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.